IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:26-CT-3004-FL

| | | |
|---|---|---|
| DOUGLAS ROY SYMMES, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NC DEPT. OF ADULT CORRECTIONS, | ) | |
| SOPHIA FEASTER, CHARLIE | ) | |
| LOCKLEAR, DAVID JEFF SAULS, | ) | |
| MARGARET B. WILLIFORD, TAMEKA | ) | |
| SMITH, DEAN LOCKLEAR, FAUSTINA | ) | |
| F. BROWN, INA HINTON, WAKENDA | ) | |
| GREENE, UNIDENTIFIED SW, | ) | |
| UNIDENTIFIED CM, and TINA H. | ) | |
| CANNON, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint January 5, 2026, alleging civil rights violations under 42 U.S.C. § 1983 and Americans with Disabilities Act ("ADA") violations. The matter now comes before the court for initial review of the complaint under 28 U.S.C. § 1915(e)(2)(B).

**COURT'S DISCUSSION**

Section 1915 provides that courts shall review complaints filed by prisoners seeking leave to proceed in forma pauperis and dismiss any that are frivolous, malicious, fail to state a claim on which relief may be granted, or if the inmate seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). To state a claim on which relief may be granted, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments."  Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

In addition, pro se pleadings should be "liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).  Erickson, however, does not undermine the "requirement that a pleading contain more than labels and conclusions."  Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quotation omitted).

Here, plaintiff alleges violations of the Eighth Amendment and ADA.  According to plaintiff, he suffers from nerve damage that makes writing difficult.  Plaintiff filed an offender reasonable accommodation request for a personal electronic typing device so that he can save, edit, and print materials "to send to the Courts, VA Workers Comp. Commission, Personal People, etc." (DE 1 at 5).  This request was denied by defendant Charlie Locklear.  Plaintiff escalated his request, and it was denied by defendant Sophia Feaster ("Feaster").  In response, plaintiff filed a grievance against them.  This grievance was rejected by defendant Margaret B. Williford ("Williford").  So, plaintiff filed a grievance against her.  Plaintiff's grievance against defendant Williford was denied by defendant Tameka Smith.  Plaintiff escalated his grievance against

2

defendant Williford, and it was denied by defendant Dean Locklear. Plaintiff again escalated his grievance, and it was denied by defendant Faustina F. Brown.

Undeterred, plaintiff filed another accommodation request for a personal electronic typing device. This request was denied by defendant David Jeff Sauls ("Sauls"). Defendants SW and CM also "collaborated [and] recommended" the denial. (Id. at 6). Plaintiff escalated his request, and it was again denied by defendant Feaster. Plaintiff filed a second grievance against defendant Feaster, and it was denied by defendant Sauls. Plaintiff escalated his grievance, and it was denied by defendant Wakenda Greene.

Plaintiff then filed the present complaint against everyone involved along with defendants Ina Hinton and Tina H. Cannon, who are never referenced in the body of the complaint. According to plaintiff, his "Valid Medical Issue," is being "Knowingly, Willingly [and] Blatantly Denied" by defendants who "CHOSE to give a FALSE & UNLAWFUL Response!" (Id. at 7).

The Eighth Amendment "forbids punishments that 'involve the unnecessary and wanton infliction of pain.'" Hodges v. Meletis, 109 F.4th 252, 259 (4th Cir. 2024). "[T]he Supreme Court has also held that prison officials violate the Eighth Amendment when they fail to provide humane conditions of confinement by depriving inmates of life's necessities, such as food, clothing, shelter, medical care, and reasonable safety." Id. (internal citations and quotation marks omitted); see also Makdessi v. Fields, 789 F.3d 126, 132 (4th Cir. 2015). "For a prisoner to assert that prison officials imposed conditions of confinement that deprive him of life's necessities, however, he must prove two elements—that the deprivation by prison officials of a basic human need was objectively sufficiently serious, and that subjectively the officials acted with a sufficiently culpable state of mind." Hodges, 109 F.4th at 259-60 (cleaned up); see also Strickler v. Waters, 989 F.2d

3

1375, 1379 (4th Cir. 1993). "Only then can the officials be charged with inflicting cruel and unusual punishment." Hodges, 109 F.4th at 260.

Denying plaintiff access to a personal electronic typing device is not a serious deprivation of a basic human need as contemplated by the Eighth Amendment. See id. at 259-60. Neither has plaintiff shown that defendants acted with a sufficiently culpable state of mind based on their separate denials of his accommodation requests and subsequent grievances. See id. Thus, plaintiff's Eighth Amendment claim fails on both prongs.

Additionally, to the extent plaintiff seeks to maintain his § 1983 claim based on allegations that his grievances were "gaslighted" and "rubber stamped" by defendants (DE 1 at 5-7), plaintiff does not have a "constitutional entitlement or due process interest in access to a grievance procedure" and "cannot bring a § 1983 claim alleging denial of a specific grievance process." Booker v. S.C. Dep't of Corr., 855 F.3d 533, 541 (4th Cir. 2017). Neither can plaintiff sustain a § 1983 claim based on alleged violations of North Carolina Department of Adult Correction policy. See Riccio v. Cnty. of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990) ("If state law grants more procedural rights than the Constitution would otherwise require, a state's failure to abide by that law is not a federal due process issue."); see also Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) ("[P]rison officials' failure to follow internal prison policies are not actionable under § 1983 unless the alleged breach of policy rises to the level of a constitutional violation."). For all these reasons, plaintiff's § 1983 claim must be dismissed.

Next, the court considers plaintiff's ADA claim. The ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to

discrimination by any such entity." 42 U.S.C. § 12132. To state an ADA claim, plaintiff must allege that he 1) has a disability; 2) is otherwise qualified for the benefit in question; and 3) was excluded from the benefit because of discrimination. Halper v. Wake Forest Univ. Health Scis., 669 F.3d 454, 461-62 (4th Cir. 2012); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 498 (4th Cir. 2005).

Even assuming plaintiff suffers from a qualifying disability, he does not state a claim under the ADA, because he has not alleged discrimination based on disability. See Fauconier v. Clarke, 966 F.3d 265, 277 (4th Cir. 2020) (holding plaintiff adequately alleged third element of ADA claim where he alleged defendants "expressly relied" on plaintiff's medical classification to deny benefits); Baird ex rel. Baird v. Rose, 192 F.3d 462, 467 (4th Cir. 1999) (plaintiff alleging ADA claim must show he was discriminated against "solely on the basis of [his] disability"); see also Goodman v. Johnson, 524 F. App'x 887, 890 (4th Cir. 2013) ("[T]he ADA prohibits discrimination because of disability, not inadequate treatment for disability."). As such, this claim also fails to survive initial review.

**CONCLUSION**

Based on the foregoing, plaintiff's complaint is dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii). The clerk is DIRECTED to close this case.

SO ORDERED, this the 8th day of July, 2026.

_____
LOUISE W. FLANAGAN
United States District Judge

5